**FILED**

MAY 3 1 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMIEN WELLS,                          )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )      Civil Action No.  **12 0877**
                                       )
UNITED STATES DISTRICT                 )
COURT, *et al.*,                       )
                                       )
            Defendants.                )

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

Plaintiff is serving a 240-month sentence imposed by the United States District Court for the District of Nebraska in April 2002. Compl. at 2. He states that he "was sentenced to and charged with crack cocaine and is entitled to the new statutory penalties enacted by Congress under the Fair Sentencing Act." *Id.* He claims to be "held illegally in light of the new statutory penalties," for which he claims "compensation of $500.00 a day as he is entitled to immediately [sic] release." *Id.* at 3.

The Court construes the complaint as a challenge to the legality of the plaintiff's criminal sentence. A challenge of this nature must be presented to the sentencing court in a motion under 28 U.S.C. § 2255. *See Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997). Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act
> of Congress claiming the right to be released upon the ground that
> the sentence was imposed in violation of the Constitution or laws
> of the United States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess of the

*N*

*3*

maximum authorized by law, or is otherwise subject to collateral attack, <u>may move the court which imposed the sentence to vacate, set aside or correct the sentence</u>.

28 U.S.C. § 2255(a) (emphasis added). And because plaintiff's claim pertains to the fact of his incarceration, he cannot recover damages in this civil rights action without showing that his confinement already has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table).

The Court will dismiss the complaint for lack of jurisdiction. An Order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: 5/18/12